Filed 9/14/22

**CERTIFIED FOR PARTIAL PUBLICATION***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NEBIYAT AREGA et al., <br><br>    Plaintiffs and Appellants, <br><br> v. <br><br> BAY AREA RAPID TRANSIT DISTRICT, <br><br>    Defendant and Respondent. | A163266 <br><br> (Alameda County <br> Case No. RG19023067) |

   Plaintiffs and appellants Nebiyat Arega, Terry Carney, Darian Caston, and Erik Freeman (collectively "Plaintiffs") work as Cash Handlers for the Bay Area Rapid Transit District ("BART"). Each of them applied to the Cash Handler Foreworker position but were not promoted.

   Plaintiffs sued BART under the California Fair Employment and Housing Act ("FEHA") (Gov. Code, § 12900 et seq.), alleging BART discriminated against them based on race (African American) by promoting other less qualified individuals over them. The trial court entered summary judgment on Plaintiffs' complaint in BART's favor and entered judgment for BART. On appeal, Plaintiffs argue that the court erred in granting summary judgment because they presented sufficient evidence to create triable issues of material fact on their claims. We affirm the judgment.

---

*   Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part B of the Discussion.

1

## A. Cash Handler Foreworker Selection

BART Cash Handlers are responsible for collecting, sorting, and counting cash from and performing light maintenance of the automated fare collection equipment located at BART stations. Cash handlers are supervised by a Cash Handler Foreworker ("Foreworker"). Both Cash Handlers and Foreworkers are represented by SEIU Local 1021 ("the union").

There is a labor agreement between BART and the union that governs how BART selects Foreworkers. Pursuant to this Agreement, Foreworkers are selected by a Foreworker Evaluation Committee ("Evaluation Committee"), which is comprised of six persons: three union representatives and three management representatives. During the selection process, a silent observer from the union is also present. A Memorandum of Understanding ("MOU") specifies eight criteria to be used in Foreworker selection: (1) job-related experience [0-10 points]; (2) supervisory experience [0-10 points]; (3) education [0-5 points]; (4) technical knowledge [0-15 points]; (5) ability to read and write effectively [0-15 points]; (6) ability to effectively communicate verbally [0-15 points]; (7) ability to analyze problems, make decisions and direct a workforce [0-20 points]; and (8) dependability [0-10 points. Each of the foregoing criteria is allocated a certain number of possible points, with a total of 100 possible points.

Foreworker applicants are required to be BART employees and to have a minimum of three years of job-related experience to qualify to apply for the position. Each qualified applicant is required to take a written test and complete an oral interview with the Evaluation Committee. The questions in the interview and on the written test are the same for each applicant. The applicant with the highest total point score is appointed to the available

Foreworker position. If there are two available Foreworker positions in a selection process, the two applicants with the highest total point scores are appointed.

### B. Previous Litigation

Arega, Carney, Caston, and Freeman have worked for BART since 2003, 1990, 1996, and 1995, respectively. In September 2013, each was a Cash Handler and applied to an open Foreworker position but was not selected. In August 2014, Plaintiffs sued BART alleging discrimination based on race in violation of FEHA by not promoting them to Foreworker in favor of less experienced non-African Americans. In February 2016, Plaintiffs and BART entered into a settlement agreement whereby Plaintiffs waived and released all employment-related claims they had prior to February 2016 and BART paid Plaintiffs a certain sum. In the settlement agreement, BART admitted no liability. Plaintiffs dismissed the suit with prejudice in March 2016.

### C. Current Litigation

After the 2016 settlement, each plaintiff again applied to be promoted to Foreworker.

In 2016, the Evaluation Committee presided over a selection process, and appointed one new Foreworker. Each plaintiff applied for this position but was not promoted. Another candidate was selected because she received the highest total point score.

In 2018, the Evaluation Committee presided over a selection process, and appointed two new Foreworkers. Arega, Carney and Caston applied for the position, though Caston subsequently withdrew. Neither Arega nor Carney was promoted. Two other candidates were selected because they received the highest total point scores.

3

In 2019, the Evaluation Committee presided over a selection process, and appointed one new Foreworker. Arega and Caston applied but neither was promoted. Another candidate was selected because he received the highest total point score.

Across the three Foreworker selections processes in 2016, 2018, and 2019, there were a total of 18 individuals who were members of the Evaluation Committee. Eight of the 18 members were African American, including 3 in 2016, 4 in 2018, and 1 in 2019.

In June 2019, Plaintiffs again sued BART, thus initiating the litigation underlying this appeal. As with their prior lawsuit, they alleged BART discriminated against them based on race in violation of FEHA by not promoting them to Foreworker. Their complaint alleged two causes of action under FEHA: (1) disparate treatment race discrimination; and (2) disparate impact race discrimination. They alleged that they met all the requirements for the Foreworker position but, despite having more experience and better qualifications, they were routinely passed over for promotion in favor of less experienced non-African Americans.

In July 2020, BART moved for summary judgment. In April 2021, the trial court granted BART's motion. In a three-page written order, the court explained Plaintiffs' disparate treatment claim failed because BART submitted evidence of a non-discriminatory reason for not promoting Plaintiffs (i.e., none of them received the highest score in the selection process), and Plaintiffs failed to submit evidence that BART's stated reason for not promoting them was untrue or that racial bias against African Americans drove the promotion decisions. The court explained Plaintiffs' disparate impact claim failed because, among other things, Plaintiffs did not present evidence of a statistically significant disparity between the

4

percentage of qualified African American applicants for the Foreworker position and the percentage of African Americans promoted to Foreworker. Judgment was subsequently entered for BART. Plaintiffs later unsuccessfully moved to set aside the judgment.

Plaintiffs appeal the judgment. BART moved to dismiss the appeal. We deferred decision on BART's dismissal motion until our consideration of the appeal on its merits.

**DISCUSSION**

## A.    BART's Motion to Dismiss

As a threshold matter, BART contends Plaintiffs' appeal must be dismissed as untimely. We disagree. As explained below, Plaintiffs' valid but ultimately unsuccessful motion to set aside judgment extended the filing deadline for their appeal, and their notice of appeal was timely filed within this extended deadline.

The trial court issued its order granting BART's motion for summary judgment on April 7, 2021,[1] and entered judgment for BART on April 16. On April 20, BART filed and served a notice of entry of judgment.

Under California Rules of Court, rule 8.104(a)(1), Plaintiffs had 60 days from April 20, the date BART served notice of entry of judgment, to file their notice of appeal.[2] Thus, Plaintiffs had until June 21 to notice their appeal unless the deadline was extended based upon a recognized exception,

---

[1]    All dates in this section are in 2021 unless otherwise stated.

[2]    The rule states that a notice of appeal must be filed on or before the *earliest* of (1) 60 days after the superior court clerk serves notice of entry of judgment or a filed-endorsed copy of the judgment; (2) 60 days after any party serves notice of entry of judgment or a filed-endorsed copy of the judgment; or (3) 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1)(B).)

including the filing of a motion to vacate judgment. (See Cal. Rules of Court, rule 8.108(b)–(e).)

On June 17, Plaintiffs filed their motion pursuant to Code of Civil Procedure section 473(b) ("section 473(b)") to set aside the judgment entered in BART's favor. The motion was based on inadvertence, surprise, mistake or excusable neglect. Plaintiffs' counsel asserted that on April 6, the day before the hearing on the summary judgment motion, he was out of the office due to ill health (flu-like symptoms) and was unable to review the court's tentative ruling, which was "inadvertently not contested."

On July 7, the trial court issued an order denying the motion to set aside the judgment, noting that a motion for relief under section 473(b) must be made within a reasonable time and the moving party must show it acted diligently in seeking such relief. The court found Plaintiffs' counsel failed to offer any reason why the motion for relief was not filed until more than 60 days after entry of judgment for BART, and more than 70 days after BART's summary judgment motion was granted. The court found counsel's lack of diligence barred Plaintiffs from any discretionary relief under section 473(b). On July 8, BART served notice of entry of the court's order on Plaintiffs.

California Rules of Court, rule 8.108(c) ("rule 8.108(c)") provides that "[i]f, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move-*or a valid motion*-to vacate the judgment, the time to appeal from the judgment is extended for all parties until the *earliest* of: (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; (2) 90 days after the first notice of intention to move-or motion-is filed; or (3) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.108(c)(1), emphasis added.) Under rule 8.108(c)(1), Plaintiffs had until

6

August 6 – thirty days from July 7, the date the superior court clerk served the order denying their motion to set aside judgment – to file their notice of appeal under the extended deadline as long as their motion constituted a "valid motion" to vacate the judgment within the meaning of the rule. (Cal. Rules of Court, rule 8.108(c)(1).) Since Plaintiffs noticed their appeal on August 5, we must determine whether their motion was a "valid" motion within the meaning of rule 8.108(c) sufficient to extend the deadline. On this point, the parties disagree.

A "valid" motion to vacate, for purposes of extending the time for filing a notice of appeal, means "a motion based on some recognized grounds for vacation; it cannot be stretched to include any motion, regardless of the basis for it." (*Lamb v. Holy Cross Hospital* (1978) 83 Cal.App.3d 1007, 1010.) The Advisory Committee Comment to rule 8.108 states: "Subdivision (c). The Code of Civil Procedure provides two distinct statutory motions to vacate a judgment: (1) a motion to vacate a judgment and enter 'another and different judgment' because of judicial error (*id.*, § 663), which requires a notice of intention to move to vacate (*id.*, § 663a); and (2) a motion to vacate a judgment because of mistake, inadvertence, surprise, or neglect, which requires a motion to vacate but not a notice of intention to so move (*id.*, § 473, subd. (b)). . . . Subdivision (c) is intended to apply to all such motions." (Advisory Com. com., rule 8.108.)

The Advisory Committee Comment to rule 8.108 provides this additional guidance: "Subdivisions (b)–(f) operate only when a party serves and files a 'valid' motion . . . or notice of intent to move for the relief in question. As used in these provisions, *the word 'valid' means only that the motion . . . or notice complies with all procedural requirements*; it does not mean that the motion . . . or notice must also be substantively meritorious.

For example, under the rule a timely new trial motion on the ground of excessive damages (Code Civ. Proc., § 657) extends the time to appeal from the judgment even if the trial court ultimately determines the damages were not excessive.  Similarly, a timely motion to reconsider (*id*., § 1008) extends the time to appeal from an appealable order for which reconsideration was sought even if the trial court ultimately determines the motion was not 'based upon new or different facts, circumstances, or law,' as subdivision (a) of section 1008 requires."  (Advisory Com. com., rule 8.108; italics added.)

Here, we conclude Plaintiffs' motion to set aside judgment, although unsuccessful, was a "valid" motion to vacate judgment under rule 8.108(c).  There is no dispute that Plaintiffs' motion was based on a recognized ground for vacation as it was based on "[i]nadvertence, surprise, mistake, or excusable neglect" pursuant to section 473(b).  Plaintiffs argued that due to counsel's ill health the day before the summary judgment hearing, the court's "tentative was inadvertently not contested."  As reflected in the Advisory Committee Comment, this was the type of motion to which rule 8.108(c) was expressly intended to apply.

Plaintiffs' motion to vacate also complied with the procedural requirements of section 473(b).  A motion to vacate a judgment or an order "shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."  (Code Civ. Proc., § 473, subd. (b).)  "The six-month limit is mandatory; a court has no authority to grant relief under section 473, subdivision (b), unless an application is made within the six-month period."  (*Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 340.)  Plaintiffs filed their motion on June 17, which was well within the six-month limit in section 473(b) that was triggered by the court's April 16 entry of judgment.

8

BART contends that Plaintiffs' motion to set aside judgment was invalid and incapable of extending their time to appeal because the trial court found it had not been made within a reasonable time. Based on this finding, BART argues the motion did not comply with section 473(b)'s procedural requirements. We recognize the trial court found Plaintiffs had not filed their motion in a reasonable time because counsel did not provide an explanation for not earlier filing the motion, and we do not quarrel with that finding. However, we disagree that this finding rendered the motion out of compliance with section 473(b)'s procedural requirements for purposes of rule 8.108(c).

As an initial matter, the Advisory Committee comments to rule 8.108 do not explain "all [the] procedural requirements" under rule 4.73(b) with which a movant must comply. With respect to timing, section 473(b) clearly provides that when a motion to set aside judgment is made six months or more after the judgment, it is time barred and procedurally defective. (See *Arambula*, *supra*, 128 Cal.App.4th at p. 344 ["The six-month limit under section 473, subdivision (b) is more akin to a statute of limitations . . . A statute of limitations is inflexible in its application and does not apply on a case-by-case basis."].) However, when a motion to set aside judgment is brought *within* the six-month limit, the appropriate deadline or the motion is no longer fixed. In these circumstances, the moving party must establish its motion was made "within a reasonable time." (Code Civ. Proc., § 473(b).) What constitutes a "reasonable time" depends on the circumstances of each case "but definitively requires a showing of diligence in making the motion after the discovery of the default." (*Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1181.) "Whether a party has acted diligently is a factual question for the trial court" (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1420), which

9

exercises a great deal of discretion in making that determination. (*Caldwell v. Methodist Hospital* (1994) 24 Cal.App.4th 1521, 1524.)

Plaintiffs' motion to set aside judgment was made well within the clear six-month period, so in addition to showing counsel had a satisfactory reason to be relieved from the judgment based on his mistake, inadvertence, surprise, or excusable neglect, Plaintiffs also had to show diligence in making the motion. As noted, the court observed that Plaintiffs' counsel "fail[ed] to offer any reason for waiting more than 70 days after the Court granted [BART's] motion for summary judgment, and more than 60 days after the Court entered judgment in [BART's] favor, to seek to set aside that order and resulting judgment," and on this basis found the failure of Plaintiffs' counsel "to act diligently bar[red] Plaintiffs from any discretionary relief under section 473(b)."

The court's analysis demonstrates that what constitutes a "reasonable time" requires a fact-specific inquiry. Such an inquiry is distinct for each case, depends on the showing of diligence made by each moving party, and reflects substantive considerations by the court. (See, e.g., *Mercantile Collection Bureau v. Pinheiro* (1948) 84 Cal.App.2d 606, 609 [nine-week delay untimely where "nowhere in the record . . . is there any showing . . . to excuse the failure . . . to timely file [a] motion for relief"]; *Younessi v. Woolf* (2016) 244 Cal.App.4th 1137, 1145 ["diligence requirement was not satisfied" where there was absence of evidence explaining seven-week delay in seeking to set aside dismissal]; *Minick v. City of Petaluma* (2016) 3 Cal.App.5th 15, 34 [plaintiff acted within a reasonable time by filing section 473 motion five weeks after entry of judgment; noting "[n]umerous courts have found no abuse of discretion in granting relief where the section 473 motions at issue were filed seven to 10 weeks after entry of judgment"].) Given that what

10

constitutes a reasonable time requires a case-by-case determination and depends on the discretion of the trial court, we do not accept that this requirement is a prerequisite to a motion under section 473(b) being 'valid' for purposes of Rule 8.108(c).

In filing their motion to set aside judgment two months after the court issued the judgment, Plaintiffs clearly complied with the express mandatory six-month deadline for a motion filed under section 473(b). There is no indication in the record that the timing of their motion, or the motion itself, was not done in good faith or was the product of gamesmanship. Even though the trial court ultimately found Plaintiffs' timing unreasonable based on an inadequate showing of diligence, another trial court considering the same facts could have exercised its discretion differently. Under these circumstances, we cannot conclude Plaintiffs' exercise of their statutory right to seek to vacate the judgment either placed at risk, or deprived them of, their right to appeal. (See *People ex rel. Lockyer v. Brar* (2004) 115 Cal.App.4th 1315, 1318, 1319 ["[T]he power to dismiss an appeal however must be used with extreme rarity" and "should not be used except in the absolutely clearest cases."].) Accordingly, the trial court's finding that Plaintiffs did not file their section 473(b) motion within a reasonable time did not render the motion invalid for purposes of a rule 8.108(c) extension.

Further, BART has cited no case establishing a motion to vacate a judgment or order is procedurally defective in these circumstances. BART relies exclusively on *Ramirez v. Moran* (1998) 201 Cal.App.3d 431 (*Ramirez*), a clearly distinguishable case in which the court ruled that an untimely motion for new trial did not extend the deadline to appeal. (*Id.* at pp. 436–437.) The applicable statute in that case provided that the notice of motion for new trial must be filed either: " '1. Before the entry of judgment; or [¶] 2.

11

Within 15 days of the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon him by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest[.]' " (*Id.* at p. 436.) The notice of motion in *Ramirez* was filed 38 days after the entered judgment had been mailed to the plaintiff's attorney. (*Ibid.*) On its face, the notice of motion in *Ramirez* was in clear violation of the express timing requirements of the statute. That is not the case here, where the motion was filed many months before the mandatory six-month deadline.

Finally, BART argues that Plaintiffs' alleged failure to properly serve the motion to set aside judgment rendered it invalid and hence incapable of extending the appeal deadline. BART was represented by Sam Dawood of BART's Office of General Counsel, and its outside co-counsel, Ian Fellerman of the law firm Aleshire & Wynder; Plaintiffs' motion was served only on Fellerman, not Dawood.

BART cites California Rules of Court, rule 8.25 without any explanation to support its contention that this was not proper service. Rule 8.25 provides that "[b]efore filing any document, a party must serve one copy of the document on the attorney for each party separately represented, on each unrepresented party, and on any other person or entity when required by statute or rule." (Cal. Rules of Court, rule 8.25(a)(1).) BART presents no argument that the language in rule 8.25(a)(1) requiring a filing be served "on the attorney for each party separately represented" (or any other language in the rule) mandates service on *all* counsel for each represented party when represented by multiple attorneys. Nor does BART present any authority that not serving Dawood violates rule 8.25. "When an appellant . . . asserts [a point] but fails to support it with reasoned argument and citations to

12

authority, we treat the point as waived." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 (*Badie*); see also *City of Monterey v. Carrnshimba* (2013) 215 Cal.App.4th 1068, 1099 [courts " 'are not bound to develop appellants' arguments for them' "].) Thus, we reject this argument as insufficiently developed.[3]

Accordingly, we conclude Plaintiffs' motion to set aside judgment was a "valid" motion within the meaning of rule 8.108(c) and thus extended the time for Plaintiffs to file their notice of appeal. As such, their August 5 notice of appeal was timely filed. We deny BART's motion to dismiss and proceed to Plaintiffs' contentions on appeal.

## B. Plaintiffs' Contentions on Appeal

### 1. No Oral Argument

Plaintiffs contend the trial court committed reversible error in deciding BART's motion without oral argument. BART asserts that Plaintiffs waived this argument because they failed to appeal the trial court's order denying their motion to vacate the judgment, which had similarly argued it was erroneous for the court to grant summary judgment without oral argument. Even if we assume without deciding Plaintiffs did not waive this claim, we reject it on the merits.

---

[3] Notwithstanding the alleged defect in service, BART managed to file a timely opposition to the motion, never requested a continuance, and never claimed any prejudice based on the fact that only Fellerman had been served. These circumstances would not likely be grounds to deem Plaintiffs' motion invalid. (Cf. *Tate v. Superior Court* (1975) 45 Cal.App.3d 925, 930 ["It is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of the motion. [Citation.] This rule applies even when no notice was given at all. [Citation.] Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he had no notice of the motion or that the notice was insufficient or defective."].)

13

The preface to the court order granting BART summary judgment stated the motion was set for hearing on April 7, and that the court's tentative ruling was published but not contested. Therefore, without any hearing, the court affirmed the tentative ruling granting BART summary judgment. Approximately two months after the issuance of the summary judgment order, Plaintiffs moved to set aside the judgment on the grounds that counsel was sick the day before the hearing, was unable to review the tentative, and thus inadvertently failed to contest it. In denying the motion to set aside judgment based on finding that Plaintiffs' counsel failed to act diligently, the court noted "that it did not grant Defendant's motion for summary judgment as a result of any 'curable procedural defect' or 'mere violation of a procedural rule' by Plaintiffs . . . . Rather, the Court granted Defendants' motion on its merits, after fully considering the briefing submitted by both parties." Plaintiffs do not persuade us that the court's decision was erroneous because it was reached without oral argument.

Plaintiffs argue that "controlling California authority mandates that the court continue a hearing on summary judgment where a [party's] attorney is unavailable due to health reasons." As Plaintiffs do not cite to any controlling authority that mandates such health-related continuances, we disregard this argument. (See *Badie*, *supra*, 67 Cal.App.4th at pp. 784–785.)

Plaintiffs also contend that "[c]ourts do not have the authority to grant summary judgment where a [party's] attorney is unavailable [] due to health reasons." For support, they cite *Ward v. L.A. County Probation Department* (2019) 2019 WL 2723791 (*Ward*), a factually distinguishable case that is unpublished and hence not citable authority.[4] (Cal. Rules of Court, rule

---

[4] We deny Plaintiffs' request to judicially notice *Ward*.

14

8.1115(a) [with exceptions not applicable, "an opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action"].)

Plaintiffs' reliance on *Kalivas v. Barry Controls Corp.* (1996) 49 Cal.App.4th 1152 (*Kalivas*), is also unavailing. There, an invalid local courtroom rule misled Kalivas's counsel so that he filed no opposition or separate statement to the defendant's summary judgment motion and did not appear at the hearing on the motion because he reasonably believed the court had taken it off calendar. (*Id.* at pp. 1156–1157, 1161.) The trial court granted the summary judgment motion on the merits and on the procedural ground that Kalivas filed no opposition or separate statement. (*Id.* at p. 1157.) Kalivas unsuccessfully moved to reconsider. (*Ibid.*)

The appellate court reversed the summary judgment and reconsideration orders, concluding that the courtroom local rule violated the summary judgment statute and Government Code requirements. (*Kalivas*, *supra*, at pp. 1158–1160, 1163.) "An order based upon a curable procedural defect (such as the failure to file a separate statement), which effectively results in a judgment against a party, is an abuse of discretion." (*Id.* at p. 1161.) Since Kalivas's failure to file a separate statement was a curable procedural defect, the court concluded the failure to grant reconsideration denied Kalivas a fair opportunity to resist the summary judgment motion on its merits and was an abuse of discretion. (*Id.* at pp. 1162–1163.)

Here, unlike in *Kalivas*, the order granting BART summary judgment was not based on any procedural defect and the trial court did not reach its decision based on any procedural shortcoming, such as Plaintiffs' failure to contest the tentative ruling or to attend oral argument. Here, the motion was

15

considered on the merits and with full briefing, including Plaintiffs' opposition to BART's summary judgment motion and separate statement. The order issued by the court clearly demonstrated that the court considered the merits of Plaintiffs' disparate treatment and disparate impact claims and found them lacking based on Plaintiffs' failure to set forth any evidence establishing triable issues of material fact.

Lastly, Plaintiffs identify no argument they would have asserted had there been oral argument that could have resulted in a different outcome. For these reasons, we conclude the trial court did not err in granting BART summary judgment without oral argument.

### 2. FEHA Discrimination Claims

Plaintiffs contend the court erroneously granted BART summary judgment because genuine issues of material fact existed on both their disparate treatment and disparate impact claims asserted under FEHA. We disagree.

### a. Applicable Law

A defendant is entitled to summary judgment if it establishes a complete defense to the plaintiff's cause of action or shows that one or more elements of the cause of action cannot be established. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849 (*Aguilar*).) Summary judgment is appropriate only when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).)

We review an order granting summary judgment de novo, "considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained." (*Guz v. Bechtel National,*

16

*Inc.* (2000) 24 Cal.4th 317, 334 (*Guz*).) "In performing our de novo review, we must view the evidence in a light favorable to plaintiff as the losing party [citation], liberally construing [his or] her evidentiary submission while strictly scrutinizing defendants' own showing, and resolving any evidentiary doubts or ambiguities in plaintiff's favor." (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.) We do not, however, consider "evidence set forth in the moving and opposition papers . . . to which objections have been made and sustained." (*Guz, supra*, 24 Cal.4th at p. 334; *Mamou v. Trendwest Resorts, Inc.* (2008) 165 Cal.App.4th 686, 711; Code Civ. Proc., § 437c, subd. (c).)

Furthermore, our review is governed by a fundamental principle of appellate procedure, namely, that " '[a] judgment or order of the lower court is presumed correct,' " and thus, " 'error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*), italics omitted.) Under this principle, Plaintiffs have the burden of establishing error on appeal, even though BART had the burden of proving their right to summary judgment before the trial court. (*Frank and Freedus v. Allstate Ins. Co.* (1996) 45 Cal.App.4th 461, 474.) For this reason, our review is limited to contentions adequately raised in Plaintiffs' briefs. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125–126.) To overcome the presumption of correctness, Plaintiffs are required to provide a record sufficient to show error. (*Lincoln Fountain Villas Homeowners Assn. v. State Farm Fire & Casualty Ins. Co.* (2006) 136 Cal.App.4th 999, 1003, fn. 1.)

FEHA prohibits an employer from discriminating against a person on the basis of race in compensation, terms, conditions or privileges of employment. (Govt. Code, § 12940, subd. (a).) Discriminatory intent is a necessary element of a racial discrimination claim. (*Id.* § 12940, subds. (a),

17

(h).)  FEHA prohibits two types of discrimination by an employer:  (1) an intentionally discriminatory act because of an employee's protected class (disparate treatment discrimination); and (2) a facially neutral practice or policy that has a disproportionate effect on employees in a protected class (disparate impact discrimination).  (*Scotch v. Art Institute of California* (2009) 173 Cal.App.4th 986, 1002.)

"Before pursuing a civil action asserting violation of the FEHA, an employee must file an administrative complaint with the [Department of Fair Employment and Housing] and obtain a right-to-sue letter from the agency.  [Citations.]  'Exhaustion of these procedures is mandatory; an employee may not proceed in court with a FEHA claim without first obtaining a right-to-sue letter.'  [Citations.]  Moreover, claims in the employee's civil complaint that fall outside the scope of the DFEH complaint are barred."  (*Foroudi v. Aeropsace Corp.* (2020) 57 Cal.App.5th 992, 1002–1003 (*Foroudi*).)

### b.    Disparate Treatment Claim

A plaintiff can prove a disparate treatment discrimination claim under FEHA by direct evidence.  (*DeJung v. Superior Court* (2008) 169 Cal.App.4th 533, 550.)  "Direct evidence is evidence which, if believed, proves the fact of discriminatory animus without inference or presumption."  (*Ibid.*)

Alternatively, a plaintiff can prove disparate treatment by circumstantial evidence.  When a plaintiff relies on circumstantial evidence, California courts apply a three part burden-shifting test adopted from *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792 (*McDonnell Douglas*).  (*Soria v. Univision Radio Los Angeles, Inc.* (2016) 5 Cal.App.5th 570, 591 (*Soria*).)  Under this test, the plaintiff bears the initial burden of proving a prima facie case of discrimination.  (*Guz, supra*, 24 Cal.4th at p. 354.)  To do this, "[g]enerally, the plaintiff must provide evidence that (1) [s]he was a

18

member of a protected class, (2) [s]he was qualified for the position [s]he sought or was performing competently in the position [s]he held, (3) [s]he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." (*Ibid.*)

If the plaintiff demonstrates a prima facie case, a rebuttable presumption of discrimination arises, shifting the burden to the employer to produce admissible evidence that its action was undertaken for a legitimate, nondiscriminatory reason. (*Guz, supra,* 24 Cal.4th at pp. 355–356.) "A reason is " ' "legitimate" ' " if it is '*facially unrelated to prohibited bias*, and which if true, would thus preclude a finding *of discrimination.*" (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 520, fn. 2.) If the employer meets its burden, the presumption of discrimination disappears and the plaintiff "must then have the opportunity to attack the employer's proffered reasons as pretexts for discrimination, or to offer any other evidence of discriminatory motive." (*Guz, supra*, at p. 356; *Soria, supra*, 5 Cal.App.5th at p. 591 ["[o]nce the employer sets forth a nondiscriminatory reason for the decision, the burden shifts to the plaintiff to produce ' "substantial responsive evidence" that the employer's showing was untrue or pretextual' "].)

### i. Direct Evidence

Plaintiffs contend there was direct evidence of animus sufficient to defeat summary judgment. They rely on the declaration of Alena Smith whom they describe as the "Chief Steward with over 30 years experience at BART and [who] was a silent observer for the Foreworker position wherein [Plaintiffs] were passed over." According to Plaintiffs, Smith stated that race was considered in promotions; the interview panel knew who was "handpicked by managers" before applicants interview; and the interviews

19

were just for the sake of formality.  Such evidence, however, fails to establish triable issues of fact.

Plaintiffs' opening brief does not include adequate record citations.  The California Rules of Court require litigants to support each point raised by citation to authority, and to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  (Cal. Rules of Court, rule 8.204(a)(1)(B), (C).)  "Each and every statement in a brief regarding matters that are in the record on appeal, whether factual or procedural, must be supported by a citation to the record." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 96, fn. 2.)

When a litigant repeatedly provides no citations to the record, the rule violation is egregious.  (*Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 166–167.)  "We may disregard a [party's] statements of fact when those statements are unsupported by citations to the record.  [Citation.] And we will not scour the record on our own in search of supporting evidence."  (*Sharabianlou v. Karp* (2010) 181 Cal.App.4th 1133, 1149 (*Sharabianlou*).)  Here, Plaintiffs' citations to Smith's declaration take the following form: "(CT ____, See Appellants' Evidence Submitted in Support of Summary Judgment Alena Smith Decl. ¶2)," providing no volume or page number citation to the record in none of the multiple references to the declaration.  We disregard Plaintiffs' arguments of direct evidence because of their consistent failure to provide volume and page number record citations to such evidence.

Moreover, the Smith declaration is not in the record.  On appeal, we presume the judgment to be correct and indulge all intendments and presumptions to support it regarding matters as to which the record is silent. (*Denham*, *supra*, 2 Cal.3d at p. 564.)  An appellant bears the burden of

20

overcoming the presumption of correctness by providing an adequate record that affirmatively demonstrates error. (See *Defend Bayview Hunters Point Com. v. City and County of San Francisco* (2008) 167 Cal.App.4th 846, 859–860.) The failure to provide this court with an adequate record not only fails to satisfy an appellant's burden to demonstrate error, it also precludes review of any asserted error. (See *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 (*Fain*); *Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644 (*Jade Fashion*) ["Where the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct, and on that basis, affirm."].) Since we are unable to review the referenced evidence, we cannot determine whether the trial court erred and must assume it decided correctly.[5]

---

[5] In their reply brief, Plaintiffs claim without detail or explanation that "[t]he manner in which [BART] filed its Motion for Summary Judgment has caused several problems with preparation of the record." Plaintiffs state that the "clerk's record in this appeal contains errors and several of the documents identified in [their] Notice of Designation of Record have yet to be filed with the Court of Appeals." They state that they "anticipate filing a corrected Opening Brief once the record is corrected;" "have requested the trial court cure the defects in the record on appeal;" and "respectfully request that oral argument be stayed until a corrected record is provided to the Court and Appellants have provided amended briefs with cites to the corrected record." They ask that we direct the trial court to correct the record on remand.

We decline all of Plaintiffs' requests and will not delay resolution of this appeal. Plaintiffs filed their opening brief in December 2021. At that point, given counsel's inability to cite to the record, it was apparent that essential evidence was missing from the record. In the nine months since this appeal has been pending, Plaintiffs' counsel has not asked this court to augment the record in any way, despite its awareness of its shortcomings. Neither the respondent nor the appellate court has a duty to augment an inadequate record. It is the appellant's burden to provide an adequate record. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) In the absence of one, we presume the trial court determination under review is correct. (*Jade Fashion, supra*, 229 Cal.App.4th at p. 644.)

21

Finally, even if the record were complete and properly cited, Plaintiffs'
evidence fails. As noted, we do not consider evidence set forth in the moving
papers to which objections have been made and sustained. (*Guz, supra*, 24
Cal.4th at p. 334.) BART's multiple objections to Smith's declaration are
reflected clearly in the record. It is equally clear the court sustained all of
BART's objections to Smith's declaration but for one to a statement BART
does not rely on as evidence of animus. The court found Smith's declaration
as "lacking adequate foundation or personal knowledge" and "based on
speculation." Accordingly, we do not consider Smith's declaration, the only
evidence Plaintiffs offer as direct evidence of discriminatory animus.[6]

For the foregoing reasons, Plaintiffs did not meet their burden of
producing direct evidence to establish the existence of a triable issue of

---

We also reject Plaintiffs' request to stay oral argument until there is a
corrected record and amended briefs. The day after Plaintiffs filed their reply
brief, we issued a "Notice of Oral Argument Election" to the parties,
indicating that to proceed with oral argument, the party seeking to proceed
with oral argument must file a request and proof of service within 10
calendar days of the notice. No such request was received by this court by
any party, and oral argument on this appeal has therefore been waived.

[6] For the first time in their reply brief and without substantive
argument, Plaintiffs address certain trial court orders sustaining BART's
objections to evidence Plaintiffs provided in support of their disparate
treatment claim, such as Smith's declaration. They contend the manner in
which Respondent filed its moving papers and supporting documents
"required unfair responses to voluminous objections which was [a]
horrendous, incredibly time-consuming task," and that they should be
allowed to respond to BART's objections on remand. " 'Points raised for the
first time in a reply brief will ordinarily not be considered, because such
consideration would deprive the respondent of an opportunity to counter the
argument.' [Citation.] 'Obvious reasons of fairness militate against
consideration of an issue raised initially in the reply brief of an appellant.' "
(*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764 (*Reichardt*).) We
therefore do not consider any of Plaintiffs' arguments directed at the court's
evidentiary rulings.

material fact as to whether BART discriminated against them based on race in violation of FEHA.

## ii.     *Circumstantial Evidence*

Plaintiffs alternatively contend there was circumstantial evidence to defeat summary judgment. This evidence too fails to establish triable issues of fact.

Here, like the trial court, we assume without deciding that Plaintiffs' evidence established a prima facie case of disparate treatment. The burden then shifted to BART to demonstrate it had a legitimate, nondiscriminatory reason to choose someone else over Plaintiffs to overcome the presumption of discrimination and BART presented evidence that Plaintiffs did not receive the highest scores in the relevant Foreworker selection processes. Plaintiffs do not dispute that BART satisfied its initial burden of showing proper nondiscriminatory reasons for its actions. In light of BART's showing, Plaintiffs could avoid summary judgment only by offering "substantial evidence" that BART's reasons were untrue or pretextual, or that it acted with a discriminatory animus, or both, "such that a reasonably trier of fact could conclude the employer engaged in intentional discrimination." (See *Hersant v. Department of Social Services* (1997) 57 Cal.App.4th 997, 1004–1005 (*Hersant*).) The trial court found Plaintiffs failed to meet this burden, and we agree.

Plaintiffs argue they established BART's reasons were pretextual with evidence of the following: (1) Plaintiffs' qualifications for the promotions; (2) Evaluation Committee members' collaboration on applicant scores to remove evidence of bias; and (3) BART's failure to take steps to ensure race was not a factor in Foreworker selection process. Not so.

Again, Plaintiffs' briefing includes no citations to the record. In three pages of argument with over a dozen citations to evidence, there is not a single citation to "the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(B), (C).) While there are multiple references to "CT," or the clerk's transcript, every one is left blank. We disregard any fact unaccompanied by a proper record citation. (*Sharabianlou*, *supra*, 181 Cal.App.4th at p. 1149.)

Further, none of the proffered evidence appears in the record. Plaintiffs' arguments refer to deposition testimony of Eric Thomas, who Plaintiffs' explain was a non-African American promoted over them for the 2012 Foreworker position; the declaration of Alena Smith, the Chief Steward and silent observer discussed *supra*; and two witnesses testifying as BART's persons most knowledgeable (Conteh and Moore). We have located none of this evidence in the record. Without it, we cannot review Plaintiffs' claims of error and we presume the judgment correct. (See *Fain*, *supra*, 75 Cal.App.4th at p. 992; *Jade Fashion*, *supra*, 229 Cal.App.4th at p. 644.)

We note that much of the evidence set forth by Plaintiffs does not establish triable issues of fact. For example, to support their claim that they were better qualified for the Foreworker position than others, they represent that Thomas admitted in deposition that he had the same technical expertise as Plaintiffs. (*Ash v. Tyson Foods, Inc.* (2006) 546 U.S. 454, 457 [pretext may be inferred from evidence that the plaintiff had superior qualifications]; *Raad v. Fairbanks North Star Borough School Dist.* (9th Cir. 2003) 323 F.3d 1185, 1194 [qualifications standing alone may establish pretext where the plaintiff's qualifications are " 'clearly superior' " to those of the selected job applicant].) Thomas' comparative assessment of his qualifications relative to Plaintiffs is irrelevant, however, since he was not appointed to Foreworker

24

over Plaintiffs, nor was he competing with Plaintiffs in any of the selection processes at issue in this litigation. In fact, Thomas' deposition was taken in December 2015 as part of Plaintiffs' previously settled litigation, well before the instant matter was filed in 2019. Plaintiffs' reliance on Smith's declaration, including her statements that Plaintiffs were qualified for the Foreworker position and "more qualified" than those ultimately appointed, is unavailing given the objections the court sustained to most of Smith's declaration, as discussed above.

In sum, Plaintiffs failed to meet their responsive burden of producing circumstantial evidence to establish a triable issue of material fact on their disparate treatment claim. They did not provide substantial evidence that BART's stated legitimate, nondiscriminatory reasons for promoting others over Plaintiffs was untrue or pretextual. Accordingly, we conclude the court properly granted BART summary judgment on Plaintiffs' disparate treatment claim.

### c. Disparate Impact Claim

"There is a 'distinction between claims of discrimination based on disparate treatment and claims of discrimination based on disparate impact.' [Citation.] In a disparate treatment claim, the employer simply treats the employee less favorably because of a protected trait, and liability depends on whether the protected trait actually motivated the employer's actions. [Citation.] 'By contrast, disparate-impact claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." ' " (*Foroudi*, *supra*, 57 Cal.App.5th at p. 1004.)

25

"To prevail on a theory of disparate *impact*, the employee must show that regardless of motive, a facially neutral employer practice or policy, bearing no manifest relationship to job requirements, in fact had a disproportionate adverse effect on certain employees because of their membership in a protected group." (*Knight v. Hayward Unified School Dist.* (2005) 132 Cal.App.4th 121, 129, disapproved on another ground by *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 115.) "Statistical proof is indispensable in a disparate impact case." (*Alch v. Superior Court* (2008) 165 Cal.App.4th 1412, 1428 (*Alch*).) " 'Once the employment practice at issue has been identified, causation must be proved; that is, the plaintiff must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group . . . . [S]tatistical disparities must be sufficiently substantial that they raise such an inference of causation.' " (*Carter v. CB Richard Ellis, Inc.* (2004) 122 Cal.App.4th 1313, 1323–1324.)

The trial court found that Plaintiffs' disparate impact claim failed because they had not exhausted their administrative remedies (noting that there was no reference to the claim in their pre-complaint inquiry form). The court further concluded that, even if Plaintiffs had exhausted their administrative remedies, their disparate impact claim failed because Plaintiffs did not present evidence of a statistically significant disparity between the percentage of qualified African American applicants for the Foreworker position and the percentage of African Americans promoted to Foreworker. According to the court, none of Plaintiffs' admissible evidence "demonstrate[d] a statistically significant disparity between the percentage of African-Americans in the qualified applicant pool for the foreworker position

26

and the percentage of African-Americans selected as foreworkers." The court did not err in its conclusion.

Even if we assume without deciding that Plaintiffs exhausted their administrative remedies, Plaintiffs' arguments on appeal do not address the court's finding that the undisputed facts established no significant disparity between the percentage of African Americans in the qualified applicant pool and the percentage ultimately selected for the promotion. Further, Plaintiffs identify no statistical evidence in the record that establishes a statistical disparity that demonstrates a disparate impact on African American employees seeking promotion to Foreworker, and our review of the record reveals no statistical evidence that had been presented to the trial court. The absence of any such evidence defeats their disparate impact claim.

On appeal, Plaintiffs instead contend that genuine issues of material fact exist on their disparate impact claim based on assorted arguments, including BART's purported failure to conduct a validity study of the Foreworker selection process in accordance with the Equal Employment Opportunity Commission's Uniform Guidelines on Employee Selection Procedures and the purported failure of BART's Office of Civil Rights to perform an adverse impact analysis of the Foreworker selection process. These contentions suffer from the same defects as Plaintiffs' earlier arguments. None of Plaintiffs' factual assertions are accompanied by proper citations to the record, nor is the supporting evidence to be found in the record, and we therefore disregard them. (See *Sharabianlou, supra,* 181 Cal.App.4th at p. 1149; *Fain, supra,* 75 Cal.App.4th at p. 992; *Jade Fashion, supra,* 229 Cal.App.4th at p. 644.) Even if they were in the record and properly cited, they do not establish triable issues of fact with respect to Plaintiffs' disparate impact claim because they do not present the requisite

27

statistical proof that is key to the claim.[7]  (*Alch*, *supra*, 165 Cal.App.4th at p. 1428.)

For the foregoing reasons, Plaintiffs did not meet their burden of producing circumstantial evidence to establish the existence of a triable issue of material fact as to whether BART discriminated against them based on race in violation of FEHA.

In light of our conclusions, we need not address the parties' other contentions, including their arguments regarding exhaustion of administrative remedies and whether Plaintiff Freeman's FEHA discrimination claims are time-barred.

### 3.    No Ruling on All 21 Issues in Notice of Motion

Finally, throughout their opening brief, Plaintiffs repeatedly assert the trial court erred by not issuing rulings on each of the 21 issues set forth in BART's notice of motion of summary judgment.  They state, "BART has identified 21 genuine issues of material fact and all of the facts must be considered before Summary Judgment is granted in BART's favor."  Plaintiffs contend that the court's "refusal to separately rule on each of the 21 issues set forth in BART's Notice of Motion because they were "grossly burdensome and excessive' " was improper, and the court "should not have done so without prior notice to counsel and/or without oral argument."  We disagree.

BART's notice of motion set forth 21 discrete grounds for its summary judgment motion.  These included that each plaintiff's claim for disparate treatment race discrimination was barred because BART's reason for not promoting them to Foreworker was not a pretext for race discrimination; that

---

[7]    Plaintiffs also address for the first time in their reply brief certain trial court rulings sustaining BART's objections to evidence Plaintiffs proffered in support of their disparate impacts claim.  We disregard these arguments. (See *Reichardt*, *supra*, 52 Cal.App.4th at p. 764.)

each plaintiff's claim for disparate impact race discrimination was barred because there was no statistically significant disparity between the percentage of qualified African American applicants to the Foreworker position and the percentage of African Americans promoted to Foreworker; and that each plaintiff's claim was barred because he would not have been promoted to Foreworker in any event. In its order on summary judgment, the court stated: "Preliminarily, the Court declines to separately rule on each of the 21 issues set forth in BART's Notice of Motion as grossly burdensome and excessive. Instead, the Court construes BART's motion as seeking summary adjudication as to each of the two causes of action set forth in Plaintiffs' Complaint, as to each of the four Plaintiffs." Following this statement, the court proceeded to grant BART's summary judgment on both of Plaintiffs' causes of action; adjudicate BART's judicial notice request; rule on 107 objections asserted by BART to Plaintiffs' evidence; and note declarations from Plaintiffs and other evidence cited by them which did not appear in the register of actions.

There is no merit to Plaintiffs' claim that the court erred by not ruling separately on each of the 21 issues presented in BART's notice of motion, or that the court had to provide the parties notice and oral argument before proceeding in the manner it did. "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar*, *supra*, 25 Cal.4th at p. 843.) Code of Civil Procedure section 437c, subdivision (f)(1) states, "A motion for summary adjudication shall be granted only if it completely disposes of a cause of action, an affirmative defense, a claim for damages, or an issue of duty." (Code Civ. Proc., § 437c, subd. (f)(1).) Section 437c further

29

provides: "Upon the grant of a motion for summary judgment on the ground that there is no triable issue of material fact, the court shall, by written or oral order, specify the reasons for its determination. The order shall specifically refer to the evidence proffered in support of and, if applicable, in opposition to the motion that indicates no triable issue exists. The court shall also state its reasons for any other determination. The court shall record its determination by court reporter or written order." (*Id.*, § 437c, subd. (g).)

The trial court's reasons for granting BART summary judgment in this case were clearly stated in its written order. In construing BART's motion as seeking summary judgment as to each of Plaintiffs' cause of action as to each plaintiff, the court reasonably determined that one or more elements of the cause of action could not be established based on the admissible evidence presented by the parties. Its written order sufficiently specified why it was granting BART summary judgment and discussed the evidence which supported its decision and indicated no triable issue existed. There was no need for the court to make separate individual rulings on each of the issues BART presented.

## DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal.

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Rodríguez, J.


A163266/*Arega et al., v. Bay Area Rapid Transit District*

31

Trial Court:      Alameda County Superior Court

Trial Judge:      Hon. James Reilly

Counsel:          Forthright Law, Dow W. Patten, for Plaintiffs and
                  Appellants.

                  Aleshire & Wynder, Ian P. Fellerman; Office of General
                  Counsel for San Francisco Bay Area Rapid Transit District,
                  Sam N. Dawood, for Defendant and Respondent.